# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MIAMI VALLEY HOSPITAL,

       Plaintiff,                   :        Case No. 3:05-cv-297

                                        District Judge Thomas M. Rose
       -vs-                              Chief Magistrate Judge Michael R. Merz

                                :

COMMUNITY INSURANCE
 COMPANY, et al.,

       Defendants.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff Miami Valley Hospital's Motion to Remand this case to the Montgomery County Common Pleas Court from which it was removed by Defendant Community Insurance Company[1] (Doc. No. 7). Community Insurance opposes the Motion (Doc. No. 9) and Miami Valley has filed a Reply Memorandum in support (Doc. No. 16).

The parties to this action have not unanimously consented to plenary magistrate judge jurisdiction under 28 U.S.C. §636(c). Although motions to remand under 28 U.S.C. §1447 are not classified as "dispositive" by 28 U.S.C. §636(b)(1)(A), the list of dispositive motions in 28 U.S.C. §636(b)(1)(A) is nonexhaustive and magistrate judges also lack power to decide analogous matters including a motion to remand. *Vogel v. U.S. Office Products Co.*, 258 F.3d 509 (6th Cir. 2001).

Community Insurance asserts this Court has subject matter jurisdiction over the claims made by Miami Valley by virtue of 28 U.S.C. §1331 and 29 U.S.C. §1132(a) because Miami Valley makes

---

[1] Community Insurance does business as Anthem Blue Cross/Blue Shield and is sometimes referred to in the motion papers as "Anthem."

a claim against Community "that is covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq." (Notice of Removal, Doc. No. 1 at 2).

In seeking remand, Miami Valley asserts that Community Insurance did not follow proper procedure in removing the case and that, in any event, this Court does not have subject matter jurisdiction of the case. These arguments are dealt with seriatim below.

### Improper Procedure in Removal: Amended Complaint Not Attached

Miami Valley asserts that the Notice of Removal is defective in two respects: it did not have the Amended Complaint attached and it was not signed by all the parties who had been served in the case.

Miami Valley claims it served an Amended Complaint before removal and that Amended Complaint is not attached to the Notice of Removal. (See 28 U.S.C. §1446(a) requiring attachment of all "process, pleadings, and orders.") Community Insurance acknowledges receipt of an amended complaint, both in its Memorandum in Opposition (Doc. No. 9 at 2) and by having filed an Answer to the Amended Complaint (Answer, Doc. No. 6). It also asserts, however, that the Amended Complaint had not been served on it as of the date of removal, September 6, 2005 (Memorandum in Opposition, Doc. No. 9 at 6). Miami Valley asserts the Amended Complaint was mailed to Community Insurance on September 2, 2005 (Motion for Remand, Doc. No. 7 at 7.)

28 U.S.C. §1446(a) requires attachment of all pleadings which have been "served" in the state court proceedings. Under Ohio R. Civ. P. 5(B), service of a document after the initial complaint is complete upon mailing. Thus, accepting Plaintiff's counsel's representation about the mailing, Community Insurance had been served with the Amended Complaint at the time of removal. However, the Court also accepts Defendant's counsel representation that the Amended

Complaint had not been received by the time of removal. September 2, 2005, was a Friday; Monday, September 5, 2005, was Labor Day, a legal holiday on which there would have been no mail delivery. The record does not reveal whether the Amended Complaint was served on Community Insurance directly or on its counsel, nor is this Court advised whether Defendant's counsel had entered an appearance in the Common Pleas Court prior to removal.[2] In any event, the Court accepts Mr. Webner's implicit representation that he did not have the Amended Complaint at the time he prepared and filed the Notice of Removal.

In this case at least, the word "served" in 28 U.S.C. §1446(a) is properly interpreted as "received." Obviously a party or its attorney cannot attach to a notice of removal a document they have not received. Interpreting the statute to include documents which it is impossible to attach would hardly serve the purpose of the statute, which seems to be to give the federal court full access to the state court filings.[3] Miami Valley suffers no prejudice by that interpretation – it certainly knew what was in the Amended Complaint.

*Hampton v. Union Pacific R. R.*, 81 F. Supp. 2d 703 (E.D. Tex. 1999), relied on by Miami Valley, does not require a different result. There the amended complaint destroyed federal

---

[2]Under Ohio R. Civ. P. 5(B), service should have been made on Mr. Webner if he had entered an appearance, but otherwise would have properly been sent to Community Insurance directly.

[3]In interpreting a statute a court should:

> 1. Decide what purpose ought to be attributed to the statute and to any subordinate provision of it which may be involved; and then
>
> 2. Interpret the words of the statute immediately in question so as to carry out the purpose as best it can, making sure, however, that it does not give the words either (a) a meaning they will not bear, or (b) a meaning which would violate any established policy of clear statement.

Hart and Sacks, THE LEGAL PROCESS (Eskridge & Frickey ed. 1994), p. 1169.

jurisdiction by adding a non-diverse party before removal was effected. Thus the amendment had a substantive effect on federal subject matter jurisdiction. Here the amendments do not,

This asserted basis for remand should be rejected.

### Improper Procedure in Removal: Lack of Unanimity by Defendants

Secondly, Miami Valley asserts that removal is improper because not all Defendants concurred in the removal, noting that unanimity is required and citing *Hicks v. Emery Worldwide, Inc.,* 254 F. Supp. 2d 968 (S.D. Ohio 2003).

It is apparently undisputed that Defendant Thomas Griffith, the patient who received the services at Miami Valley for which payment is sought, was served with process and the Complaint on August 9, 2005 (Proof of Service, Exhibit C to Doc. No. 7.) He subsequently died on August 14, 2005, within the thirty days when the case could be removed. The Notice of Removal is signed by Community Insurance and by Tonya Griffith, Mr. Griffith's surviving spouse and herself a defendant in the case on Miami Valley's claim (Count VI) that the services it furnished Thomas Griffith are "necessaries" for which a spouse would be liable. She does not purport to consent to removal on behalf of her deceased husband or his estate.

The parties cite no case law dealing with this precise situation: a served party dies without consenting and before the time for removal expires. However, the removal statute does permit the Court to disregard the lack of consent of merely nominal parties. *Alexander v. Electronic Data Sys, Corp.*, 13 F. 3d 940 (6th Cir. 1994). When Mr. Griffith died, he ceased to be a real defendant in this case or became a merely "nominal" defendant. See *Shaw v. Dow Brands, Inc.,* 994 F. 2d 364 (7th Cir. 1993)(A defendant is nominal if there is no chance he will be held liable.)

The Court finds guidance in Fed. R. Civ. P. 25 which provides "If a party dies and the claim

is not thereby extinguished, the court may order substitution of the proper parties." Ohio R. Civ. P. 5(A) similarly provides "If a party dies and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the proper parties." These Rules plainly imply that a real party must be substituted for a deceased party if the case made against the deceased party is to continue.

In adopting this interpretation, the Court again looks to the purpose of the unanimity requirement. See n. 2 supra. That purpose seems to be to require agreement to removal from all those defendants who could agree, who have a real interest in the outcome of the case. Interpreting the rule to eliminate those who have died does no violence to the purpose of the rule.

Conversely, to adopt Miami Valley's interpretation would be to require the impossible (after the death of a served defendant) or to deprive the remaining defendants of their full thirty days to remove, contrary to the Sixth Circuit's liberal interpretation of the thirty-day removal period in *Brierly v. Alusuisse Flexible Packaging,* 184 F. 3d 527 (6th Cir. 1999)(removal period runs until thirty days after receipt of notice of case by the last-notified defendant).

The Sixth Circuit's recent pronouncement on the unanimity rule, *Loftis v. United Parcel Service, Inc.*, 342 F. 3d 509 (6th Cir. 2003), relied on by Miami Valley, does not require a different result. In that case the defendant who did not agree to removal was a real party in interest and actively opposed removal.

Miami Valley also argues that it is not in the best interests of Mr. Griffith's estate to consent to removal. The Court finds this argument immaterial: it invites the Court to impute a decision to Mr. Griffith which he did not make. While Mr. Griffith would have been entitled to consent or decline to consent on any basis or indeed without any reason at all, no evidence suggests he formed an intention on this issue before he died and Miami Valley suggests no authority on which this Court could impute such an intention.

Miami Valley's argument for remand because of lack of unanimity should also be rejected.

The Magistrate Judge notes that Thomas Griffith's death was noted of record not later than October 6, 2005, the date the Motion to Remand was filed. Fed. R. Civ. P. 25(a)(1) provides that unless a motion for substitution is made within ninety days of that date, "the action shall be dismissed as to the deceased party." Therefore, unless a motion to substitute is made by January 4, 2006, this action should be dismissed as to Mr. Griffith.

## Lack of Subject Matter Jurisdiction

Miami Valley also asserts this case should be remanded because this Court lacks subject matter jurisdiction over the claims made.

28 U.S.C. §1441 authorizes removal only of cases over which the district courts have original jurisdiction. In this case, as noted above, Community Insurance asserts this Court has such original jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. §1132(a). 29 U.S.C. §§1132(e) and (f) confer jurisdiction on this Court of any claim arising under §1132(a), but Community Insurance's assertion of jurisdiction under 28 U.S.C. §1331, the general federal question statute, also turns on whether Miami Valley's claims arise under 29 U.S.C. §1132(a). The determinative question is whether any of Miami Valley's claims arise under 29 U.S.C. §1132(a).

In removal as in other cases, the party asserting federal court jurisdiction has the burden of establishing it. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83, 56 S. Ct. 780, 80 L. Ed. 1135 (1935). There is a presumption against such jurisdiction. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8, 4 Dall. 8, 1 L. Ed. 718 (1799).

Miami Valley asserts that it has pled three claims against Community Insurance which do not arise under 29 U.S.C. §1132, but rather under Ohio law:

1. A claim for violation of Ohio's prompt pay statute, Ohio Revised Code § 3901.386(C) which it asserts requires all third-party payers to accept assignments of benefits for hospital services rendered in an emergency (Count I);

2. Promissory estoppel arising from Community Insurance's having authorized and approved Miami Valley's care of Mr. Griffith (Count II); and

3. Interest under the Ohio prompt pay statute, Ohio Revised Code § 3901.389 (Count III).

Miami Valley also asserts that its claims do not arise under 29 U.S.C. §1132(a) because it is not a participant or beneficiary under the benefits plan which covered Mr. Griffith and therefore would lack standing to bring such a claim.

Community Insurance recognizes that, [i]n determining whether a case 'arises under' federal law for purposes of 28 U.S.C. §1331 and thus may be removed pursuant to 28 U.S.C. §1441(b), courts apply the 'well-pleaded complaint' rule under which jurisdiction exists if "a federal question is presented on the face of the plaintiff's properly pleaded complaint." (Memorandum in Opposition, Doc. 9 at 1-2, citing *Loftis*, 342 F. 3d at 514.) The Court agrees. *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

There is, however, an exception to the well-pleaded complaint rule "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Aetna Health, Inc. v. Davila,* 542 U.S. 200, 207 (2004), *quoting Beneficial Natl. Bank v. Anderson*, 539 U.S. 1, 8 (2003). "ERISA is one of these statutes." *Id*. at 208. Community Insurance asserts that Miami Valleys' causes of action against it are completely pre-empted by ERISA.

In seeking remand, Miami Valley asserts there is no complete pre-emption here, relying on an exception to the scope of ERISA recognized in *Aetna Health*: "[I]f an individual, at some point in time, could have brought his claim under ERISA §502(a)(1)(B), and where there is no other

independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA §502(a)(1)(B)." 504 U.S. at 210. Miami Valley claims it meets both branches of this test because it could never have brought its claims under §1132(a)(1)(B), lacking standing to do so, and its claims against Community Insurance are based on independent duties imposed on Community Insurance independent of the underlying plan, to wit, by common law promissory estoppel and the Ohio prompt pay statute, Ohio Revised Code § §3901.386(C), 3901.381, and 3901.389.[4]

In response, Community Insurance notes that the Amended Complaint heavily emphasizes that Mr. Griffith purported to assign his benefits under the plan to Miami Valley Hospital. See,. e.g., Amended Complaint at ¶3: "The contract [which Mr. Griffith signed on admission] also assigned to Plaintiff payment of all insurance benefits to which Patient was entitled under any insurance policy." Count I which is labeled as being for violation of O.R.C. §3901.386, alleges in its entirety "Anthem owes Plaintiff the sum of $3,869.97 by virtue of the assignment of benefits executed by Patient."

Community Insurance notes that the Sixth Circuit has expressly held that a health care provider which asserts a claim for payment of benefits pursuant to an assignment from a plan participant or beneficiary has standing to sue as a beneficiary under 29 U.S.C. §1132. *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F. 2d 1272 (6th Cir. 1991). It also asserts that its legal duties under Ohio Revised Code § 3901.386(C) are not independent of the plan because those duties are dependent on a valid assignment of benefits under the plan.

In its Reply Memorandum, Miami Valley asserts at length that it is not suing as an assignee

---

[4] In its Reply Memorandum, Miami Valley concedes it may have created some confusion by referring in the Motion to Remand to Ohio Revised Code § 3901.385 instead of §§3901.381 and 3901.389 which are pled in the Amended Complaint at ¶16. It is, of course, the Amended Complaint which governs under the well-pleaded complaint rule.

of Mr. Griffith, that its claims are not derivative of his ERISA rights, that his ERISA rights have already been determined by Community Insurance's payment of benefits to him, and that its only claim in Count I is that the benefits were wrongfully not paid directly to it under Ohio Revised Code § 3901.386(C). Miami Valley's many sentences denying that it is suing as an assignee are belied by the only sentence pled in Count I: "Anthem owes Plaintiff the sum of $3,869.97 **by virtue of the assignment of benefits** executed by the Patient." As many of the cases interpreting the well-pled complaint rule hold, the Plaintiff is the master of his pleading. It was Miami Valley which chose to rely explicitly on the assignment in Count I.

Furthermore, the duty imposed by the Ohio prompt pay statute in this context is not independent of the underlying ERISA plan. Ohio Revised Code § 3901.386(C) requires a third-party payer to honor a validly executed assignment of benefits with a hospital for emergency medical services. But whether an assignment is valid may well depend on the provisions of the underlying ERISA plan. Thus Ohio Revised Code § 3901.386(C) is "dependent" on the ERISA plan in exactly the same way liability under the Texas Health Care Liability Act was dependent on analysis of the underlying ERISA plan in *Aetna Health, supra.*: while the HMO there had a duty imposed directly by the THCLA to use ordinary care in making coverage decisions, that duty was not independent of ERISA or the plan terms because

> [I]f a managed care entity correctly concluded that, under the terms of the relevant plan, a particular treatment was not covered, the managed care entity's denial of coverage would not be a proximate cause of any injuries arising from the denial. Rather, the failure of the plan itself to cover the requested treatment would be the proximate cause.

542 U.S. at 213. Similarly here, if the plan prohibits an assignment of benefits (an argument which Community Insurance has not yet made, but which Miami Valley anticipates), then, arguably at least, there is no "validly executed assignment of benefits" on which to recover under Ohio Revised

Code § 3901.386(C).

Miami Valley cites a number of cases where pre-emption was not found under prompt pay statutes where the insurer and the service provider has a direct contract. This is not such a case. Miami Valley and Community Insurance had such a contract, but it expired December 31, 2004,[5] and the emergency services were provided to Mr. Griffith in January, 2005.

The Court concludes that Count I of the Amended Complaint states a claim which is completely pre-empted by ERISA and is therefore removable to this Court.

Miami Valley argues that its claims for promissory estoppel (Count II) and interest under Ohio Revised Code § 3901.389 (Count III) are independent of ERISA and therefore not pre-empted. The Court need not decide those questions at this juncture. 28 U.S.C. §1441(c) permits removal of entire cases when claims over which the federal court has jurisdiction under 28 U.S.C. §1331 are joined with claims over which the court does not have such jurisdiction.

**Conclusion**

Based on the foregoing analysis, this Court has subject matter jurisdiction over this case and it was properly removed. Therefore the Motion to Remand should be denied.

January 2, 2006.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

---

[5] The Court is aware of press reports indicating that Miami Valley and Community Insurance have reached a new direct agreement, effective January 1, 2006. However, that contract is not before the Court and no part has suggested to the Court that it will cover claims arising in 2005, as this one does.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).